UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRADLEY M. COX,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE #1, JASON STEWART, and JOSEPH GASS,<br><br>    Defendants. | CAUSE NO. 3:23-CV-319-JD-MGG |

OPINION AND ORDER

Bradley M. Cox, a prisoner without a lawyer, filed a complaint, asserting a Fourth Amendment clam for an illegal search under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 (1971). ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Cox alleges that his Fourth Amendment rights were violated when two FBI agents searched his work computer on August 22, 2018, without his consent or a warrant. Cox explains that he was a bookkeeper at Burns Construction in Macy, Indiana, and the agents received permission from another employee, Mike Burns, to

search the computer. But, Cox alleges, their search exceeded the bounds of what Mike Burns was authorized to permit, making the search illegal under the Fourth Amendment.

That search was conducted as part of an investigation into "a predatory scheme involving various Facebook accounts and (apparently) many victims." *United States v. Cox*, 54 F.4th 502, 508 (7th Cir. 2022). As a result of the investigation, Cox was charged with "three counts of extorting people with threats to share their sexually explicit images (18 U.S.C. § 875), two counts of coercing (or attempting to coerce) minors to engage in sexually explicit conduct, resulting in a visual depiction, (*Id.* § 2251), and one count of receiving child pornography (*Id.* § 2252A)." *Id.* at 508-09. After a trial, at which Cox represented himself, he was convicted of all charges. *Id.* at 509.

In April 2023, Cox filed this lawsuit, nearly five years after the August 2018 search occurred, and well beyond the two-year statute of limitations allowed for a *Bivens* suit in Indiana. *See Jackson v. Kotter*, 541 F.3d 688, 699 (7th Cir. 2008) (federal courts in Indiana apply Indiana's two-year statute of limitations for personal-injury suits to *Bivens* claims). Cox addresses the timeliness of the lawsuit, stating that "this case involves ongoing damages as well as separate specific damages not known or assessed until April 21, 2021." ECF 1 at 8. However, the Seventh Circuit opinion affirming his conviction conclusively establishes that this claim accrued by December 14, 2020, if not sooner.

The date on which a claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of*

2

*Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). In his criminal appeal, Cox raised the argument that the two FBI agents violated his Fourth Amendment rights by searching his work computer without a warrant. *Cox*, 54 F.4th at 509. The Seventh Circuit did not reach the merits of this argument because it concluded that this argument was waived after Cox waited too long to raise it in the trial court. *Id.* at 509-10. It noted, "Cox did not timely present his motion to suppress evidence related to the warrantless search. Rather, in the middle of cross-examining Burns at trial—to be precise, right after Burns said he consented to the agents' search—Cox asked for a sidebar." *Id.* at 509. The district court records show that the 5-day jury trial began on December 8, 2020, and concluded on December 14, 2020. *United States v. Cox*, No. 1:18-cr-83-HAB-SLC (N.D. Ind. decided Apr. 21, 2021). Thus, it is conclusively established that Cox was aware of the injury by December 14, 2020. This complaint, filed in April 2023, is untimely.

It does not matter that Cox did not know the extent of the damages until April 2021 because he knew the search occurred and the circumstances surrounding the search by December 14, 2020. A claim accrues when a "plaintiff has knowledge of both the existence and cause of his injury" and "ignorance of the legal significance of that information does not toll his claim." *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018) (citing *Massey v. United States*, 312 F.3d 272, 276 (7th Cir. 2002)). "The cause of action accrues even though the full extent of the injury is not then known or predictable." *Wallace v. Kato*, 549 U.S. 384, 391 (2007) (quotation marks and citation omitted); *see also Moore v. Burge*, 771 F.3d 444, 448 (7th Cir. 2014) ("Failure to appreciate that an act is wrongful does not defer the claim's accrual . . . ."). The alleged injury occurred in

3

August 2018, and it is clear that Cox knew of the existence and cause of his injury by December 14, 2020, at the latest.

Because this suit is untimely, the court considers whether Cox might be able to find a way to avoid a statute of limitations bar. When a federal claim is controlled by a state statute of limitations, a federal court looks to state law to decide whether the statute of limitations should be tolled for equitable reasons. *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989). Indiana law does not have a tolling provision, but does have a savings clause that states, "A person who is under legal disabilities when the cause of action accrues may bring the action within two (2) years after the disability is removed." IND. CODE § 34-11-6-1. The phrase "under legal disabilities" is defined to include "persons less than eighteen (18) years of age, mentally incompetent, or out of the United States." IND. CODE § 1-1-4-5(a)(24). Mentally incompetent, in turn, means "of unsound mind." IND. CODE § 1-1-4-5(a)(12).

> "Of unsound mind" is not currently defined in the Indiana Code. *See Fager v. Hundt*, 610 N.E.2d 246, 250 n. 2 (Ind.1993). The Indiana Supreme Court noted that although the phrase "of unsound mind" was previously defined, that statute was repealed in 1990 by P.L. 1–1990, Sec. 334. *Id.* (citing the previous statute, Indiana Code section 34–1–67–1). Specifically, "of unsound mind" was previously defined to include "idiots, noncompotes (non compos mentis), lunatics and distracted persons." *Id.* (emphasis added). The phrase "distracted person" was construed to mean "a person who by reason of his or her mental state is incapable of managing or procuring the management of his or her ordinary affairs." *Id.* (quoting *Duwe v. Rodgers*, 438 N.E.2d 759, 761 (Ind.Ct.App.1982)); see also *Collins*, 323 N.E.2d at 269 (noting that to be considered of unsound mind, the relevant proof "is whether the person claiming the benefit of the extension statute is incapable of either understanding the rights that he would otherwise be bound to know, or of managing his affairs, with respect to the institution and maintenance of a claim for relief").

*Whitlock v. Steel Dynamics*, Inc., 35 N.E.3d 265, 270 (Ind. Ct. App. 2015), transfer denied, 37 N.E.3d 960 (Ind. 2015).

The proceedings surrounding Cox's criminal case show that it would be futile for Cox to assert that he was mentally unsound in December 2020—the latest point at which this cause of action could have accrued. Nor could he claim that he was mentally unsound at a later point. Cox continued to be an active participant in the posttrial proceedings after he was convicted. *See Cox,* 1:18-cr-83-HAB-SLC. Still representing himself, he filed several posttrial motions, objections, and a sentencing memorandum. *See id.* at ECF 239, 240, 245, 246, 256, 258, 259, 267, 283. Moreover, although he was represented by counsel on appeal, after the appellate decision was issued, he took over the representation and filed several motions, beginning on December 9, 2022, and continuing through March 27, 2023. *See United States v. Cox*, No. 21-1744 (7th Cir. Decided Nov. 23, 2022) at Dkt. Nos. 39, 41, 45, 48. In addition, Cox filed a pro se petition for a writ of certiorari to the United States Supreme Count in July 2023. *See Cox v. United States*, No. 23-5063 (U.S. docketed July 10, 2023). Any contention that Cox was under a legal disability in December 2020 or later would be frivolous.

Although untimeliness is an affirmative defense, dismissal at the pleading stage is permitted when it is clear that the claims are untimely. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th

5

Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

    For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

    SO ORDERED on September 27, 2023

    /s/JON E. DEGUILIO
    JUDGE
    UNITED STATES DISTRICT COURT